# BRUCE E. DICE & ASSOCIATES, PC.

ATTORNEYS AT LAW

TEL: 724-733-3080

787 PINE VALLEY DRIVE, SUITE E
PITTSBURGH, PENNSYLVANIA 15239-2842

FAX: 724-327-9659

October 21, 2015

**VIA HAND DEIVERY**
Julio F. Medeiros, III
14 Harmar Drive
Cheswick, PA  15024

RE:    Statement of Charges and Notice of Hearing

Dear Chief Medeiros

I am providing you this statement of charges following an investigation by the Borough, including a forensic audit performed by Deluzio & Company, into possible misuse and/or unauthorized use of time, including but not limited to regular time, overtime, vacation time, sick time, personal time and/or compensatory time as are outlined in your employment contract with the Borough of Springdale.

As a result of the investigation, Springdale Borough is charging you with misconduct, neglect or violation of official duty, and conduct unbecoming an officer. This is to advise that a minimal due process "Loudermill" hearing has been scheduled on this matter for Thursday, October 29, 2015 at 3:00 o'clock p.m. at a designated room in the Springdale Borough Municipal Building. Until this time and further notice, you will continue to be suspended with pay.

The following is a summation of some of the evidence in support of the charges against you that will be considered at the Loudermill hearing and evaluated by the Council for the Borough of Springdale when considering further discipline:

**As detailed in the forensic audit report of Deluzio & Company, which I am providing you, and which report is incorporated into these charges, you are alleged to have utilized unauthorized time off from work of up to 165.50 hours. Specifically, the audit makes the following findings:**

- **In 2014, you utilized 28 vacation or personal hours in excess of contract terms and 24 Holiday hours in excess of contract terms.**

- **In 2015, you utilized 16 Holiday hours in excess of contract terms.**

- **In addition, you utilized 97.50 time off hours which were not included as vacation, personal or sick time.**

The hearing is intended to give you the opportunity to respond to these allegations and to provide your explanation for these circumstances. Any evidence or arguments that

BRUCE E. DICE
bdice@dicelaw.com

ROBERT A. ZUNICH
rzunich@dicelaw.com

PAUL D. ZAVARELLA
pzavarella@dicelaw.com

CRAIG H. ALEXANDER
calexander@dicelaw.com



EXHIBIT
12

would demonstrate that the statement of charges is incorrect or unsubstantiated should be presented at this hearing.

**GARRITY DISCLAIMER: Please also be advised that the hearing will also be considered a "Garrity Hearing" such that no truthful self-incriminating statements that you make at this hearing will be able to be used against you in any subsequent criminal proceedings.** In other words, you are able to speak freely at the hearing without threat that your statements could be used against you in subsequent criminal proceedings.

Please be advised that this matter could result in additional disciplinary action being imposed, including, but not limited to a suspension without pay or possible termination of your employment with Borough of Springdale, for cause. After this proceeding, it will be necessary to decide what, if any, additional discipline would be appropriate. Therefore, it is necessary to hear your response.

Very truly yours,
BRUCE E. DICE & ASSOCIATES, P.C.

Craig H. Alexander, Esquire

CHA/alo

Cc:   Kim McAfoose, Borough Manager
      Jason Fry, President of Council
      Frank Forbes, Personnel Chair
      Mayor Ken Lloyd

*Tax // Audit & Attestation // Consulting // Planning*

 **DELUZIO** & COMPANY, LLP

351 Harvey Avenue, Suite A
Greensburg, PA 15601-1911
724 838 8322
www.DeluzioCPA.com

Charles A. Deluzio, CPA
Jeffrey P. Anzovino, CPA, MSA
Joseph E. Petrillo, CPA
Stacey A. Sanders, CPA, CSEP
Lisa M. Altschaffl, CPA

October 17, 2015

Borough of Springdale Council
Borough of Springdale
325 School Street
Springdale, PA 15144

Dear Councilmen,

At your request. I am providing a preliminary report addressing the allegation that Chief Julio Medeiros did not comply with his contractual requirements with Borough of Springdale regarding time-off during his employment.

The objective of my procedures was to determine if Chief Medeiros took unauthorized time off from work. My procedures included examining and analyzing documentation and records of Borough of Springdale and other supporting information including interviews with employees of Borough of Springdale. We have not audited. reviewed or compiled. according to standards stipulated by the American Institute of Certified Public Accountants, any financial information included in this narrative or attached exhibits (if applicable).

For the purpose of this report I relied upon the following information:

- Third party payroll reports (Payroll 1 & ADP)
- Chief Medeiros' personal calendar
- Text messages from/to Derek Dayoub and Chief Medeiros
- Interviews with Kim McAfoose and Derek Dayoub
- Copies of emails and letters
- Chief of Police Contractual Employment Agreement
- Springdale Borough collective bargaining agreement with the Police Department

Respectfully submitted,

Jeffrey P. Anzovino. CPA MSA
Partner

## Calendar Year 2014

We started our investigation by reviewing Chief Medeiros' personal calendar. We were provided a copy of Chief Medeiros' personal calendar which is his handwritten record of hours work each day, including vacation, sick, personal and holiday time. The calendar provided was from the time period October 21, 2013 through January 31, 2015. The following summary is for the calendar year 2014.

### Vacation/Personal Time
Chief Medeiros was allocated 160 hours of vacation (20 days) and 16 hours of personal hours (2 days) for a total of 176 hours. We first compared the vacation and personal time recorded on the personal calendar to the third party payroll reports. For 2014 Chief Medeiros' calendar had recorded 204 hours as vacation, "off" or personal time which was 28 hours more than authorized. The payroll reports documented 168 hours as vacation or personal time.

### Sick Time
The Chief was authorized 80 hours of sick time. The calendar had 37.25 hours of sick time and the payroll reports recorded 40 hours of sick time used. There did not appear to any significant differences related to sick time indicated on Chief Medeiros calendar to the third party payroll reports.

### Holiday Time
Chief Medeiros' contract states that "The Chief shall be entitled to all holidays enumerated in the collective bargaining contract with the Borough of Springdale Police Officers in effect at any given time. In the event the Chief works a holiday, he shall be entitled to the same pay in terms of time off at a future date which must be approved by the Mayor...." The collective bargaining contract provided for 12 holidays.

According to his personal calendar, Chief Medeiros did not work on Friday May 9th which was marked as "Memorial Day" and then also did not work on May 26th which was the actual Memorial Day holiday. Also, according to his personal calendar, Chief Medeiros worked the July 4th holiday; however, the personal calendar recorded he did not work on July 18th and August 4th as time off for working the July 4th holiday. Further, the calendar shows Chief Medeiros worked on Thanksgiving and then did not work on December 1 or December 2 for time worked on the Thanksgiving holiday. It appears Chief Medeiros believed he was entitled to "double" compensatory time for working holidays; however, the contract states he shall be entitled to the "same" pay terms of time off at a future date. Also, no documentation was provided that the Mayor approved the time off for working on a holiday in accordance with his contract. Therefore, based on information from Chief Medeiros personal calendar, it appears he used 24 hours of unauthorized holiday time-off.

## Calendar Year 2015

As stated in the previous section, Chief Medeiros' personal calendar was not available for all of 2015, except the month of January. However, the administration of Borough of Springdale provided us with a document that summarized the time-off taken by Chief Medeiros from January 1 through July 14 based on personal knowledge, emails from Chief Medeiros and text to and from Chief Medeiros and Derek Dayoub. However, the following discrepancies are based on documentation such as Chief Medeiros' January 2015 calendar, 911 Call Report, text messages and emails.

Holiday Time

Chief Medeiros' personal calendar indicates he did not work on January 1st or 2nd and both days were recorded as "Holiday". His contract provides January 1st as the only approved holiday. Also, in an email from Chief Medeiros to the Springdale Borough police officers he stated he worked on Martin Luther King Day (an approved holiday) and was not working January 21st and 22nd for this holiday. Based on this information, Chief Medeiros took two unauthorized days off (16 hours).

Vacation/Personal Time – Text Messages/Email

We noted days not worked by Chief Medeiros as supported by text messages between Chief Medeiros and Derek Dayoub. For February 12th, February 27th, June 11th (1.5 hours), June 12th, July 14th and July 17th Chief Medeiros stated he would not be working. The text messages were inquiring if Derek Dayoub would take his shift or coordinating another police officer to work for the Chief. Also, there is an email from Chief Medeiros asking for someone to cover his patrol shift on May 29th because he will be out of the state for the weekend. The payroll reports supports that July 17th was taken as a sick day, however, third party payroll reports do not include vacation, sick or personal time for the remaining five days (40 hours) and one 1.50 hour time off.

Vacation/Personal Time – 911 Call Report

Based on inquiry with Derek Dayoub, Chief Medeiros was required to patrol the Borough of Springdale on Thursdays and Fridays from 6AM to 2PM. As stated previously, the administration provided us with a list of days Chief Medeiros potentially did not work; however, there were a number of days that were comprised from personal knowledge of a Borough Councilman. In order to review these alleged days off we identified which days were a Thursday or Friday and reviewed the County 911 Call Report. The 911 Call Report lists all 911 calls by day and unit ID number for who responded to the call. Chief Medeiros unit ID number was 1601 therefore if his unit ID number was not included in the 911 Call Report two assumptions can be made 1) there were no 911 calls during his shift or 2) Chief Medeiros did not work that day. Based on inquiry with Derek Dayoub, it is unlikely there would not be at least one 911 call out during a shift. There were six days identified as a Thursday or Friday that a Borough Councilman believes the Chief "called off" or did not work; January 30th, February 19th, February 20th, April 30th, May 7th, and May 8th. Chief Medeiros Unit ID number did appear on the 911 report on January 30th responding to an accident (no injuries), on May 7th responding to natural gas smell/leak and there were no 911 calls listed on the report for February 20th; however, his Unit ID number did not appear on the other three days. The payroll reports did not show vacation, sick or personal time used for the any of the days in question. It appears a possible three days (24 hours) were not worked by Chief Medeiros and no vacation, sick or personal time was used.

Vacation/Personal Time – 911 Call Report

Based on inquiry with Derek Dayoub and Kim McAfoose, Chief Medeiros took bereavement leave from June 12 through June 17, which included four scheduled working days. We were informed the bereavement leave was for wife's step brother. According to the Chief's contract, bereavement leave is in accordance with the Springdale Borough Police Department collective bargaining agreement and/or the Borough manual. The collective borrowing agreement states that bereavement leave is authorized for immediate family as defined by the agreement. Further, the agreement states "In event of the death of any other family member, defined as uncle, niece, nephew, step-brother, step-sister, step-father, or step-child, the full-time police officer shall be entitled to one day off with pay." Therefore, the four days (32 hours) taken for bereavement leave was not in accordance with Chief Medeiros contract and would be considered unauthorized time off. Further the payroll reports did not show vacation time taken for this period of time.

## Compensatory Time

Chief Medeiros contract included an addendum dated September 19, 2013. The addendum stated "In Section V of the contract that comp time be awarded and not hourly pay." Section V of the contract states that "….Borough agrees that all hours worked beyond 40 hours per week will allow the chief to document the same and submit total hours on a monthly basis to the Mayor for consideration of time owed if and when it may be acceptable to the Borough that the Chief can use these hours against his 40 hour work week." During our investigation we requested a copy of the required monthly reports that documents hours worked in excess of 40 hours in accordance with the contract. Based on inquiry with Kim McAfoose and Derek Dayoub, they were not aware that any such document was provided to Borough management, mayor or council.

## Summary

The following table presents discrepancies noted in time off work:

| Year | Vacation or Personal hours in excess of contract terms | Holiday hours in excess of contract terms | Time off hours not included as Vacation, Personal or Sick Time |
|---|---|---|---|
| 2014 | 28.00 | 24.00 | |
| 2015 | | 16.00 | |
| Text Messages/Email | | | 41.50 |
| 911 Call Report | | | 24.00 |
| Bereavement | | | 32.00 |
| | | | |
| Sub-Total | 28.00 | 40.00 | 97.50 |
| | | | |
| Total | | 165.50 | |

## Conclusion

Based on my analysis of the records provided by Springdale Borough, employee interviews and procedures conducted, there is potentially 165.50 hours taken as "time-off" by Chief Medeiros that was not in accordance with his contract or not properly recorded or supported by the use of vacation, personal or sick time.

WIENAND & BAGIN
ATTORNEYS-AT-LAW
FIRST & MARKET BUILDING
100 FIRST AVENUE • SUITE 1010
PITTSBURGH, PA 15222-1514
(412) 281-1110
FAX (412) 281-8481

October 26, 2015

JERRY W. WIENAND
CHRISTIAN BAGIN

BRUCE BAGIN (1940-2006)

jerry@wienandandbagin.com
christian@wienandandbagin.com

Craig H. Alexander, Esquire
Bruce E. Dice & Associates
787 Pine Valley Drive, Suite E
Pittsburgh, PA 15239-2842

Re:   Chief Julio Medeiros
      Loudermill Hearing Notice

Dear Mr. Alexander:

As you know, I represent the Springdale Borough Chief of Police, Julio Medeiros, with regard to his employment discrimination claims; a copy of my notice of appearance and litigation hold notice is enclosed for your convenient reference. I trust you are also aware that Chief Medeiros is represented by Attorney Jim Burn and his firm, Abes Baumann, with respect to his pending workers compensation claim.

We are in receipt of your letter dated October 21, 2015 seeking to schedule a Loudermill hearing regarding the allegation that my client "possibly" engaged in unauthorized use of leave time, including compensatory time. It is my hope and expectation that the Borough will choose to withdraw the notice and promptly reinstate the Chief to active duty without further delay. In this regard, I note that the Chief was never provided the opportunity he requested to respond to Mr. Forbes's August 13 letter which sought a response by August 17th, and that the Borough has never even responded to my client's requests to return his property (including that item described by Deluzio & Co. as "Chief Medeiros' personal calendar"), or with a copy of the call records from his work cell phone, in order to provide this information.  Chief Medeiros would have provided a comprehensive answer without any expense to the taxpayers.

The "audit" conducted by the Greensburg contractor did not conclude that any malfeasance occurred, and the report is unreliable on its face. The audit failed to consider evidence of the Chief's actual days and hours of work as reflected in his work and personal cell phones and other relevant records, and it failed to include evidence that all of his leave was authorized by Mayor Lloyd, which short interviews with the Mayor and the Chief would (and will) confirm. In addition, the fact that the Mayor approved all of Chief Medeiros's leave was readily obtainable from the Mayor's published public statements to the media. Equally available was the public statement that the Borough Council had no good cause to terminate Chief Medeiros, but chose to conduct an audit specific ally and

Medeiros Loudermill
October 26, 2015
Page 2

exclusively in hopes of creating some colorable excuse for his removal.

Moreover, the Borough did not provide Chief Medeiros with any prior notice of any such alleged concern about the tens of hours of uncompensated overtime he was working each week, which were only partially covered by the compensatory time he took, a willful FLSA violation for which the Chief could recover substantial sums under a three-year limitations period, plus liquidated damages and reimbursement of his attorney's fees. Finally, the audit report is replete with obvious errors, such as the failure to recognize that under the CBA, officers (and therefore the Chief) were entitled first to double-time, and later to two and one-half days' pay for working a holiday, rendering even its qualified conclusions ("it appears") about supposed use of Holiday Pay in excess of contract terms plainly erroneous.

In the event the Borough chooses to go forward with the hearing, and given the pending litigation, Mr. Burn and I shall attend as Chief Medeiros's representatives, however we are unable to attend on October 29th; kindly contact me and I will coordinate with Mr. Burn and our client to reschedule.

As always, I would be happy to discuss any aspect of this matter with you at your convenience.

Very truly yours,

Christian Bagin

CB/bls
cc:     James Burn, Esquire