WIENAND & BAGIN
ATTORNEYS-AT-LAW

JERRY W. WIENAND

CHRISTIAN BAGIN

BRUCE BAGIN (1940-2006)

FIRST & MARKET BUILDING
100 FIRST AVENUE • SUITE 1010
PITTSBURGH, PA 15222-1514
(412) 281-1110
FAX (412) 281-8481

jerry@wienandandbagin.com
christian@wienandandbagin.com

December 31, 2015

VIA EMAIL ONLY TO:
Calexander@dicelaw.com

Craig H. Alexander, Esquire
Bruce E. Dice & Associates
787 Pine Valley Drive, Suite E
Pittsburgh, PA 15239-2842

> Re:    Chief Julio Medeiros

Dear Mr. Alexander:

On December 4, 2015, I wrote you demanding that your client issue payment of the Chief's unpaid wages:

"[T]he Chief received his final payroll check dated December 3, 2015 this week. Under the Pennsylvania Wage Payment and Collection Law, the Borough was required to include a cash out of his vacation balance of 84 hours in this final paycheck. These funds were not included in his pay, and his paystub indicates the 84 hours are still due and owing. Please instruct the Borough to issue payment for these hours at once."

I calculate the overdue amount as $3,055.35. As I trust you have advised your client, unless the payment is made within thirty days of when it is due, the Borough must pay additional liquidated damages of the greater of $500.00 or 25% of the wages due ($763.83), and the statute also provides for reimbursement of attorney's fees. I would prefer to simply secure this overdue payment for my client today, without further litigation. Please confirm your client will issue this payment to my client today.

On a separate matter, in the six weeks since he was terminated, my client has received no correspondence or other information of any kind concerning accessing his pension funds. Please advise.

Finally, given Mr. Molnar's admission on the record at the November 17, 2015 meeting that he was motivated to fire the Chief because he filed a workers compensation claim and a discrimination "lawsuit," (and notwithstanding your attempt to prevent him from doing so) the Borough and Mr. Molnar have no possible legal defense to the claim that his termination was illegal under both the federal statutes and the common law.

EXHIBIT
22

Chief Medeiros
December 31, 2015
Page 2

If your client wishes to resolve the Chief's legal claims, I suggest that the first step must be a resolution by the new Council recognizing:

1. The Chief's right to assert legal claims, including asserting legal objections to a subpoena;

2. There is no evidence of any kind that the Chief engaged in any wrongdoing regarding his leave usage, or that he was insubordinate;

3. Specifically acknowledging that Chief Medeiros immediately complied in good faith both with Council's directive that he be medically released before returning to work, and with his treating doctors' orders, and,

4. Issuing Chief Medeiros a formal apology on the record.

If and when adequate steps are taken by the new Council to remedy the unwarranted false, and defamatory statements concerning Chief Medeiros which were made, and left uncorrected by certain members of the previous Council, we may be able to come to an agreement on terms to remedy the balance of the harm that has been done to my client and his family by the discriminatory actions of the members of council named in his Charge of discrimination, which terms may include the reinstatement of the Chief. He continues to treat with his doctors, and has appointments over the next two weeks which he hopes will result in his release to return to work.

Until and unless action is taken by the Borough to undo the harm to my client's well-earned and formerly unblemished reputation as a professional, ethical law enforcement officer, additional costly litigation will ensue.

Kindly see that this correspondence is shared with all members of Council.

Very truly yours,

Christian Bagin

cc:    James Burn, Esquire (via email)
       James Mazzotta, Esquire (via email)